DOVER BAY HOMES, INC., PLAINTIFF-APPELLEE, *v.* QUINN ET, DEFENDANTS-APPELLANTS.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25844. Decided July 19, 1962.

*Mr. Harold Kahn* and *Mr. Arthur Stern*, for plaintiff-appellee.

*Mr. Robert F. Belovich*, for defendants-appellants.

*Per Curiam.* This is an appeal on questions of law from a judgment rendered in the Court of Common Pleas for the plaintiff, hereinafter called "Dover," in which the Trial Court granted the prayer of Dover's petition for rescission of a written real estate contract. Out of a welter of evidence consisting of two volumes of testimony and twenty-two exhibits, a few simple facts emerge.

On the 18th day of November, 1957, Dover, in writing, agreed to sell to the defendants, hereinafter called "Quinn," certain property located in the Dover Bay Subdivision in the City of Bay Village, Ohio, consisting of a single family dwelling, for the sum of $20,000.00. The contract contains the usual terms providing that the seller convey title by warranty deed, with provisions for an escrow. However, there are no provisions either in said contract or in the escrow agreement restricting the alienation or resale of the property by Quinn.

Under date of November 18, 1957, a second agreement was entered into in the sum of $22,900.00 for the same property signed by Quinn and accepted by Dover. The record shows that the second agreement was entered into mainly for the purpose of raising the sale price in order that the Women's Federal Savings and Loan Association would be in a position to grant a first mortgage in the sum of $17,300.00, but the firm price to Quinn remained at $20,000.00.

In both of the foregoing agreements appears a statement that the dwelling was substantially completed and would be ready for occupancy in about two months from the date of the agreements.

Thereafter, in compliance with the escrow agreement, all papers, including the deed of Dover to Quinn, were placed in escrow and the transaction was ready to be closed.

After the date of the contracts, Quinn installed some extras and then, according to his testimony, found that he could not obtain proper schooling for his five children at this location. Thereupon, on March 7, 1958, four months after the signing of

the contracts, Quinn found a buyer for the property, for which he had run a separate advertisement in the newspaper. The buyer agreed to pay the sum of $24,000.00 for the property. Upon learning of this sale, Dover arbitrarily withdrew its deed from escrow and commenced the present suit, claiming fraud on the part of Quinn.

One of the exhibits in evidence is a written contract dated May 23, 1957, whereby Quinn was employed as a salesman for Dover. In addition to withdrawing its deed from escrow, Dover summarily discharged Quinn in breach of his employment contract.

We have examined the record and exhibits thoroughly and have determined that there was neither fraud in the inducement nor in the fact committed by Quinn. Dover's principal claim is that Quinn agreed to live in the house for one year. There is nothing in the written agreements nor in the escrow agreement concerning such an agreement. The claim of Dover that Quinn had agreed to live in the house for a period of a year, if assumed to be true, is not material to the issues presented. Whether Quinn or his successors in title occupied the house could not prejudice Dover in any way.

There is no evidence in the record or in the exhibits of misrepresentation as to any fact past or existing. Consequently, we conclude that the Trial Court committed error prejudicial to the defendants in granting rescission of the contract and in favor of Dover who arbitrarily withdrew its deed from escrow after the agreements of sale had been completed. In a case of this kind the general rule is that parol evidence may not be accepted to vary the terms of a written agreement. However, if there is a charge of fraud, such evidence may be admitted. Evidence of fraud and deceit must be by clear and convincing evidence. We find no such evidence either in the record or in the exhibits.

For the reasons stated, the judgment of the Trial Court is reversed for error of law and final judgment is rendered for the defendants.

Exceptions. Order see journal.

KOVACHY, P. J., SKEEL and HURD, JJ., concur.